Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Plaintiff*
*Epson America, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>NOMVDIC CORPORATION,<br><br>Defendant. | Civil Action No.: 8:25-cv-00039<br><br>**COMPLAINT FOR:**<br><br>1. **FALSE ADVERTISING / UNFAIR COMPETITION - LANHAM ACT; and**<br><br>2. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *et seq.***<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant Nomvdic Corporation's ("Nomvdic" or "Defendant") conduct and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1.      This is an action for unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and Business and Professions Code §§ 17200 et seq.  Nomvdic's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3.      This Court has supplemental jurisdiction over the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims providing this Court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Indeed, the state law claims arise from the same set of operative facts common to the federal claim and the resolution of those claims serves the interests of judicial economy.

4.      Nomvdic is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the State of California and this District; because Nomvdic has caused injury to Epson's trademarks in the State of California and this District; because Nomvdic practices the unlawful conduct complained of herein, in part, within the State of California and this District; because Nomvdic regularly conducts or solicits business within the State of California and this District; because Nomvdic regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of

engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

5.    Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

6.    Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

7.    Upon information and belief, Defendant Nomvdic Corporation is a Delaware corporation with a place of business in Diamond Bar, California.  It sells, *inter alia*, projector products through online platforms such as amazon.com.

8.    This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of its projectors.  Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

## FACTS GIVING RISE TO THIS ACTION

### A.    Portable Consumer Projectors

9.    While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

10.    Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices,

COMPLAINT

1    such as computers, streaming devices, and cable boxes, and "project" those signals

2    onto a screen.

3        11.    Consumers can purchase projectors in a variety of sizes ranging from

4    the size of a cell phone to larger, permanently mounted projectors for home theaters.

5        12.    Within a particular projector category, such as portable consumer

6    projectors, the quality and corresponding price of a specific projector is largely

7    determined by its resolution and light output.

8        13.    As the name suggests, a projector uses light to "project" an image or

9    moving images onto a large screen or surface.

10        14.    The light projected by a projector onto a screen is referred to as the

11    projector's light output.  Light output is measured and described in lumens.  The

12    higher the lumen rating, the brighter the projector, and, all else being equal, the more

13    it will likely cost.

14    **B.    Epson Projectors**

15        15.    Epson is recognized throughout the world and the United States as a

16    leading projector manufacturer.

17        16.    Epson continues to set standards for image quality, performance, and

18    innovation with its line of multimedia projectors.  Epson's commitment to delivering

19    quality products is recognized by the industry through various product awards and

20    industry recognition.

21        17.    Epson prides itself on achieving the highest customer satisfaction

22    ratings, accomplished in large part by using the most precise testing equipment and

23    procedures available.

24    **C.    Defendant's False Advertising of its Projectors**

25        18.    Defendant is a direct competitor of Epson in the portable consumer

26    projector market.  Defendant sells projectors to consumers throughout the United

27    States via various online commerce sites including, but not limited to, amazon.com.

28

19.    Defendant sells its projectors under various models including, but not limited to, the following: Nomvdic L500 and Nomvdic P1000.

20.    On amazon.com, the Nomvdic L500 projector is advertised with a



brightness of 2500 Lumens.

21.    Also on amazon.com, the Nomvdic P1000 projector is advertised with a brightness of 2300 Lumens.



22.    As shown above, each of the above brightness values are prominently displayed in both the projectors' listing page titles.

23.    To be clear, it is Nomvdic that creates these pages found on amazon.com.  It is Nomvdic and not the retailer that inputs the product specification into these pages.  It is Nomvdic, not the retailer, that is placing the false product specifications into the stream of commerce.

24.    Throughout each of its products' pages, Defendant touts the brightness performance of its projectors in the product's title.

25.    Defendant prominently displays its brightness claims, recognizing the importance of brightness to a consumer.  Indeed, brightness is the top specification used by a consumer when purchasing a projector.

26.    In order to gain initial traction in the United States projector marketplace, Nomvdic inflates the brightness specifications of its L500 and P1000 projectors in its online advertisements knowing that improperly enhancing the brightness specification will result in artificially higher sales of the falsely advertised projectors.

27.    Epson hired an independent third-party lab to test the claimed brightness specification of Nomvdic's L500 and P1000 projectors.

28.    The independent third-party lab determined the brightness of the L500 to be 500 lumens – significantly less than 2500 lumens advertised by Nomvdic.

29.    The independent third-party lab determined the brightness of the P1000 to be 1,300 lumens – significantly less than 2300 lumens advertised by Nomvdic.

30.    As shown by the independent third-party testing, Nomvdic is significantly misrepresenting the light output of its projectors to consumers which causes confusion in the marketplace.

31.    As a result, purchasers of any of Nomvdic's projectors are likely to be, and have actually been, misled by Nomvdic's literally false product labeling, descriptions, and advertisements.

32.     Upon information and belief, given their importance, Nomvdic has used the false brightness specifications to entice consumers to purchase their projectors based upon these false brightness specifications.

33.     Consumers expect the represented product specifications to be accurate for Nomvdic's projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower brightness performance outputs.

34.     Nomvdic's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

35.     The natural, probable, and foreseeable result of Nomvdic's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

36.     By means of example, after having a poor experience with Nomvdic's projector with an improperly inflated lumen value of "2500 lumens," the consuming public is less likely to purchase a projector with a lumen rating of 2500 lumens as consumers will be unaware that Nomvdic's "2500 lumens" projector is representative of the performance of a 500 lumens projector rather than a true 2500 lumens projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace, potentially causing consumers to purchase, *inter alia*, flat screen televisions rather than projectors.

37.    In fact, one customer left a review on amazon.com about their poor experience with Nomvdic's L500 projector:

38.    Epson is informed and believes that Nomvdic's wrongful conduct has resulted in increased sales and market share of Nomvdic's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

39.    Epson has sustained and will continue to sustain irreparable damages as a result of Nomvdic's wrongful conduct, unless enjoined.

## COUNT I

### False Advertising / Unfair Competition - Lanham Act

40.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.    Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products.  These advertisements contain actual misstatements and/or misleading statements, including the brand and light outputs of its projectors - attributes important to a consumer's purchasing decision.  These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

42.    Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

-7-
COMPLAINT

43.    Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

44.    Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law.  As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

45.    Defendant's actions are willful and done solely to improperly gain market share.

46.    Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

47.    Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts.  Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

48.    Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action.  Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of Business and Professions Code §§ 17200 et seq.

49.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.    The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

51.    Nomvdic's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

52.    Nomvdic's misconduct has a tendency and likelihood to deceive members of the public.

53.    The foregoing acts and practices have caused substantial harm to Epson.

54.     As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Nomvdic, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

55.    Nomvdic's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Epson prays for judgment against Nomvdic as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting Nomvdic, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Nomvdic to sell their falsely advertised products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Nomvdic's products from online commerce sites, such as, but not limited to, amazon.com, until such a time as Nomvdic can correct its false or misleading advertisements;

B. For an order requiring Nomvdic to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Nomvdic's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers of the correct brightness;

C. That Nomvdic be adjudged to have violated 15 U.S.C. § 1125(a) and Business and Professions Code §§ 17200 et seq. by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

D. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

E. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

F. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

G. That Epson be awarded exemplary and punitive damages;

H. That Epson recover its costs and reasonable attorneys' fees;

I.  That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

J.  That Epson be granted prejudgment and post judgment interest; and

K.  That Epson be awarded such further relief as the Court deems just and proper.

Respectfully submitted,

**K&L Gates LLP**

Date: January 9, 2025                    By:  */s/ Zachary T. Timm*
                                                    Zachary T. Timm

                                                    *Attorney for Plaintiff*
                                                    *Epson America, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff Epson America, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**K&L Gates LLP**

Date: January 9, 2025            By:  */s/ Zachary T. Timm*
                                      Zachary T. Timm

                                      *Attorney for Plaintiff*
                                      *Epson America, Inc.*